**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | Zbigniew T. Gadomski | ) | CASE NO. 21 B 06815 |
| | | ) | |
| | | ) | CHAPTER 7 |
| | | ) | |
| | | ) | Judge Janet S. Baer |
| | Debtor(s) | ) | |
| | | ) | DuPage County |

**NOTICE OF MOTION**

TO:  Thomas E. Springer, Chapter 7 Trustee, 300 South County Farm Road, Suite G, Wheaton, IL 60187; via electronic notice;

Cheryl A. Considine, attorney for PNC Bank, NA, Heavner Beyers & Mihlar, LLC, 111 East Main Street, Decatur, IL 62523, via electronic notice;

Richard Fairbank, President & CEO, Capital One, 1680 Capital One Drive, McLean, VA 22102, via U.S. Mail;

Illinois Corporation Service, Registered Agent for Capital One, 801 Adlai Stevenson Drive, Springfield, IL 62703, via U.S. Mail;

Zbigniew T. Gadomski, 475 N. Cass Ave., Unit 316, Westmont, IL 60559, via regular US mail; and

The attached service list via regular US mail.

PLEASE TAKE NOTICE that on January 21, 2022, at 11:00 a.m.., I will appear before the Honorable Janet S. Baer, or any judge sitting in that judge's place, and present Debtor's Motion to Reopen and for Rule to Show Cause, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and password**. The meeting ID for this hearing is 160 731 2971 and the password is 587656. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

## PROOF OF SERVICE

I, the undersigned, certify that I caused this Notice and a copy of the attached document(s) to be served upon the entities named above by depositing the same in the U.S. Postal Service's mail box at 8707 Skokie Blvd., Suite 305, Skokie, IL 60077 on December 20, 2021, except that the Trustee and any other party indicated in the Notice of Filing were served electronically by the court on such date.

*/s/ David Freydin*
Attorney for Debtor
Law Offices of David Freydin
8707 Skokie Blvd, Suite 312
Skokie, IL 60077
847.972.6157

```
Label Matrix for local noticing          PNC Bank, National Association         U.S. Bankruptcy Court
0752-1                                   c/o Heavner, Beyers & Mihlar, LLC      Eastern Division
Case 21-06815                            111 East Main Street                   219 S Dearborn
Northern District of Illinois            Decatur, IL 62523-1204                 7th Floor
Eastern Division                                                                Chicago, IL 60604-1702
Mon Dec 20 13:34:49 CST 2021

Amex                                     (p)BANK OF AMERICA                     Barclays Bank Delaware
Correspondence/Bankruptcy                PO BOX 982238                          Attn: Bankruptcy
Po Box 981540                            EL PASO TX 79998-2238                  Po Box 8801
El Paso, TX 79998-1540                                                          Wilmington, DE 19899-8801


Capital One                              (p)JPMORGAN CHASE BANK  N A            Citi/Sears
Attn: Bankruptcy                         BANKRUPTCY MAIL INTAKE TEAM            Citibank/Centralized Bankruptcy
Po Box 30285                             700 KANSAS LANE FLOOR 01               Po Box 790034
Salt Lake City, UT 84130-0285            MONROE LA 71203-4774                   St Louis, MO 63179-0034


Citibank                                 Citibank/Sears                         Costco Anywhere Visa Card
Citicorp Credit Srvs/Centralized Bk dept Citicorp Srvs/Centralized Bk Dept      Attn: Bankruptcy
Po Box 790034                            Po Box 790034                          Po Box 6500
St Louis, MO 63179-0034                  St. Louis, MO 63179-0034               Sioux Falls, SD 57117-6500


Discover Financial                       Fifth Third Bank                       Kohls/Capital One
Attn: Bankruptcy                         Attn: Bankruptcy                       Attn: Credit Administrator
Po Box 3025                              Maildrop RCSB3E 1830 E Paris Ave SE    Po Box 3043
New Albany, OH 43054-3025                Grand Rapids, MI 49546                 Milwaukee, WI 53201-3043


(p)PNC BANK RETAIL LENDING               Parkwood Condo Assoc                   Synchrony Bank / HH Gregg
P O BOX 94982                            PO BOX 4748                            Attn: Bankruptcy
CLEVELAND OH 44101-4982                  Hinsdale, IL 60522-4748                Po Box 965060
                                                                                Orlando, FL 32896-5060


US Bank/RMS                              David Freydin                          Patrick S Layng
Attn: Bankruptcy                         Law Offices of David Freydin Ltd       Office of the U.S. Trustee, Region 11
Po Box 5229                              8707 Skokie Blvd                       219 S Dearborn St
Cincinnati, OH 45201-5229                Suite 312                              Room 873
                                         Skokie, IL 60077-2269                  Chicago, IL 60604-2027


Thomas E Springer                        Zbigniew T Gadomski
Springer Larsen Greene, LLC              475 N. Cass Ave., Unit 316
dba Springer Brown                       Westmont, IL 60559-1569
300 South County Farm Road
Suite G
Wheaton, IL 60187-2438
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Bank of America                          Chase Card Services                    PNC Bank
Attn: Bankruptcy                         Attn: Bankruptcy                       Attn: Bankruptcy
Po Box 982234                            Po Box 15298                           Po Box 94982: Mailstop Br-Yb58-01-5
El Paso, TX 79998                        Wilmington, DE 19850                   Cleveland, OH 44101
```

(d) PNC Bank
Attn: Bankruptcy Department
Po Box 94982: Mailstop Br-Yb58-01-5
Cleveland, OH 44101

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u) Sears/cbna

End of Label Matrix
Mailable recipients    22
Bypassed recipients     1
Total                  23

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE:   Zbigniew T. Gadomski ) | CASE NO. 21 B 06815 |
| ) | |
| ) | CHAPTER 7 |
| ) | |
| ) | Judge Janet S. Baer |
| Debtor(s) ) | |
| ) | DuPage County |

**DEBTOR'S MOTION TO REOPEN AND FOR RULE TO SHOW CAUSE**

NOW COMES Discharged Debtor, Zbigniew T. Gadomski, by and through his attorney, David Freydin, and moves this Honorable Court to reopen this closed Chapter 7 case pursuant to 11 U.S.C. § 350 and for a Rule to Show Cause against Capital One, Inc. pursuant to 11 USC §§105(a) and 524(a), and in support thereof, Debtor states as follows:

1. That Discharged Debtor filed a petition for relief pursuant to Chapter 7 Title 11 U.S.C. on May 27, 2021.

2. That this was a no-asset Chapter 7, Discharged Debtor received a discharge on August 30, 2021, and the Clerk closed the case on September 2, 2021.

3. That this Court has jurisdiction over this Motion to Reopen and for Rule to Show Cause pursuant to 28 U.S.C. §157 and §1334.

4. That venue is proper pursuant to 28 U.S.C. § 1409(a).

5. That this is a core proceeding pursuant to 28 U.S.C. §157(b)

**Factual History**

6. That at the time he filed this case, Discharged Debtor held a credit card account with Capital One.

7. That Discharged Debtor properly listed Capital One on Schedule F of his petition and Capital One received notice of this bankruptcy from the Clerk. Please see attached Exhibit A.

8. That notice by the Court was sufficient to convey knowledge of Discharged Debtor's bankruptcy to Capital One. *See Will v. Ford Motor Credit Co., (in re Will),* 303 B.R. 357, 364 (Bankr. N.D.Il1. 2003)("[U]nofficial oral or written notice of a bankruptcy filing is legally sufficient to convey knowledge of the automatic stay").

9. That Discharged Debtor received a collection letter from Capital One in June 2021.

10. That Discharged Debtor's counsel's office mailed Capital One a request to stop collection efforts along with a copy of the notice of filing on June 18, 2021. Please see attached Exhibit A.

11. That Discharged Debtor received a collection letter from Capital One dated July 17, 2021. Please see attached Exhibit B.

12. That Discharged Debtor's counsel's office mailed Capital One another request to stop collection efforts along with a copy of the notice of filing on July 20, 2021. Please see attached Exhibit C.

13. That Discharged Debtor received a collection letter from Capital One dated August 16, 2021. Please see attached Exhibit D.

14. That Discharged Debtor received his discharge on August 30, 2021.

15. That on September 17, 2021, Discharged Debtor and an employee from Discharged Debtor's counsel's office called Capital One and spoke to a customer service

representative ("CSR"). Discharged Debtor's counsel's employee attempted to provide the CSR with Discharged Debtor's case information but the CSR refused. The CSR instead insisted that Discharged Debtor's counsel send notice via fax to 804-284-9421.

16. That Discharged Debtor's counsel's office sent notice to Capital One via fax on September 17, 2021. Please see attached Exhibit E.

17. That Capital One again sent account statements showing minimum payments due in October, November, and December 2021. Please see attached Exhibit F.

18. That Discharged Debtor is 92 years old, has serious health issues, and suffers great distress from Capital One's harassment.

19. That Discharged Debtor asks this Honorable Court to protect him from Capital One's decision to ignore the discharge he rightfully received.

## Capital One Willfully Violated the Automatic Stay

20. That an automatic stay violation is willful if the creditor (1) had actual knowledge of the debtor's bankruptcy case, and (2) committed a deliberate act against the debtor despite said knowledge. *In re Will*, at 363.

21. That here, because it had received notice from the Clerk and from Discharged Debtor's counsel, Capital One's conduct constitutes a willful violation of 11 U.S.C. § 362(k).

22. That despite multiple notices and letters, Capital One persisted in sending Discharged Debtor collection letters and account statements.

23. That Discharged Debtor has actual damages from Capital One's willful stay violation as well as attorney's fees and costs associated with counsel's correspondence with Capital One, Discharged Debtor, and the drafting of this Motion and preparation for the hearing.

24. That because Capital One had multiple written notices, refused to accept notice over the phone, and still continues to send Discharged Debtor collection letters and account statements, Discharged Debtor seeks punitive damages for Capital One's conduct.

25. The Bankruptcy Court for the Northern District of Illinois has found that punitive damages are appropriate to penalize creditors for willful violations of the automatic stay. *In re Sumpter*, 171 B.R. 835, 845 (Bkrtcy.N.D.Ill.1994).

26. That in determining if punitive damages are appropriate, the court has looked to (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; (4) any provocation by the debtor; as well as (5) the creditor's sophistication and knowledge of bankruptcy law and procedure. *In re Sumpter*, at 845 (citing *In re M.J. Shoearama*, 137 B.R. 182(Bankr.W.D.Pa.1992)).

27. That here, Capital One 1) sent an elderly man a series of collection letters despite the request of his counsel; 2) is able to pay damages; 3) is motivated by the likelihood that an elderly man is perhaps more likely to pay the ransom to avoid harassment; 4) was never provoked by the Discharged Debtor; 5) is a financial giant that routinely participates in all manner of financial and bankruptcy matters.

28. That because it willfully and repeatedly attempted to collect from Discharged Debtor during the pendency of this case, Discharged Debtor asks that this court find Capital One to have violated the automatic stay under 11 U.S.C. § 362(k) and award Discharged Debtor damages, fees, and costs.

## **Capital One Violated the Discharge Injunction**

29. That an order of discharge not only discharges pre-petition debts, but also operates as an injunction against the commencement or continuation of any action to collect from a

debtor any debt discharged as a result of the bankruptcy proceeding. 11 U.S.C. § 524(a)(2); *Tidwell v. Smith* (*In re Smith*), 379 B.R. 315, 326 (Bankr. N.D. Ill. 2007) *aff'd,* No. 08 C 46, 2008 WL 4067306 (N.D. Ill. Aug. 27, 2008), *aff'd,* 582 F.3d 767 (7th Cir. 2009).

30. That a party that knowingly violates a discharge order may be held in civil contempt. *See In re Andrus,* 184 B.R. 311, 315 (Bankr. N.D. Ill. 1995).

31. That a finding of willfulness or bad faith is not required. *In re Elias*, 98 B.R. 332, 337 (N.D. Ill. 1989).

32. That "[i]t is enough that the order violated is specific and definite, and that the offending party has knowledge of it." *Id.*

33. That any claim that Capital One might have had against Discharged Debtor was discharged in this case.

34. That because of the various efforts outlined above, Capital One had actual knowledge of Discharged Debtor's bankruptcy and discharge.

35. That, to date, Capital One has refused to cease collection efforts against Discharged Debtor despite counsel's numerous requests.

36. That the collection letters cause Discharged Debtor great worry and distress. Whether this distress is compensable is unclear, but the negative impacts on Discharged Debtor's health are material and of grave concern.

37. That Section 105 of the Bankruptcy Code permits this Court "to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

38. That Section 350 of the Bankruptcy Code allows this Court to reopen a closed Bankruptcy case "to accord relief to the debtor" 11 U.S.C. §350(b).

39. That because Capital One refuses to cease collection activities on a discharged debt in direct violation of Section 524, Discharged Debtor has no other choice but to request that this Court reopen this Bankruptcy Case to protect his rights under the Bankruptcy Code.

40. That Discharged Debtor also asks that this Honorable Court award punitive damages, fees, and costs.

41. That Courts have found that debtors may be entitled to recover such damages and fees in a contempt proceeding for violation of the discharge injunction. *See In re Lempesis*, 557 B.R. 659, 667-68 (Bankr. N.D. Ill. 2016).

42. Here, Capital One is a sophisticated entity and had absolutely no basis to assert that the debt in question had not been discharged.

43. That Capital One repeatedly failed to comply with its obligations and instead continued to collect against Discharged Debtor.

44. That Capital One should be held accountable for its decision to ignore the law.

45. That to avoid unreasonable cost or delay, and pursuant to Federal Rule of Bankruptcy Procedure 5010, Discharged Debtor requests that this Motion be granted and that the Estate be reopened for the limited purpose of consideration of this Motion, without the appointment of a trustee. The services of the trustee are not needed because there are no assets of the Bankruptcy Estate to be administered.

WHEREFORE, Debtor, prays this Honorable Court for the following relief:

A. That the instant case be reopened;

B. That Capital One be found to have violated the automatic stay;

    C.   That Capital One be found to have violated the discharge injunction;

    D.   That Capital One be enjoined from further collections against Discharged Debtor;

    E.   Awarding punitive damages, fees, and costs to Discharged Debtor;

    F.   For any and all other relief this Court deems just and fair.

Respectfully Submitted,

*/s/ David Freydin*
Attorney for Debtor
Law Offices of David Freydin
8707 Skokie Blvd, Suite 312
Skokie, IL 60077
847.972.6157